ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JUAN C. GARCIA, YASMÍN CABALLERO RUIZ Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>LUIS ECHEGARAY MÉNDEZ Y OTROS<br><br>Parte Recurrida<br><br>**SEVEN THREE SEVENTEEN LLC**<br><br>**Parte Peticionaria** | KLCE202400352 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2017CV02218<br><br>Sobre: Daños y Perjuicios por Vicios de Construcción |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de mayo de 2024.

Comparece Seven Three Seventeen LLC (Seven Three o parte peticionaria) y solicita que revoquemos la orden emitida y notificada el 6 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el foro recurrido impuso al representante corporativo de la parte peticionaria, Sr. Wilfred Hsu, una sanción de $1,000.00 por la conducta asumida como deponente y su abrupto abandono de la deposición del 14 de diciembre de 2023.

El 3 de abril de 2024, los recurridos Luis Echegaray, Olga Casalduc y su compañía aseguradora MAPFRE Praico Insurance Company, presentaron su escrito en oposición a la expedición del recurso.

Evaluados los escritos de las partes, así como los documentos que conforman el apéndice del recurso, incluida la transcripción de la deposición relacionada, este Tribunal resuelve denegar la expedición del auto de *certiorari*.

**I.**

Seven Three es parte codemandada en el litigio de epígrafe. Como parte del descubrimiento de prueba, el 14 de diciembre de 2023, se tomó una deposición a su representante corporativo, el Sr. Wilfred Hsu (Sr. Hsu o deponente). Durante el curso de la deposición surgieron una serie de incidentes.

Según se expone en el escrito de *certiorari*, el deponente llegó tarde al procedimiento; éste le pidió al intérprete que mantuviera una distancia adecuada en varias ocasiones; el abogado del Sr. Hsu cuestionó la corrección en las traducciones del intérprete en múltiples instancias; el Sr. Hsu corrigió al intérprete en cuanto a la pronunciación de su apellido; hubo una discusión entre el deponente y el Lcdo. Ricardo Ramírez Lugo (representante legal de Triple S Propiedad, Inc.) y, finalmente, el deponente abandonó abruptamente la deposición.

Tras estos acontecimientos, Luis Echegaray, Olga Casalduc y su compañía aseguradora MAPFRE Praico Insurance Company, solicitaron al TPI que impusiera sanciones al Sr. Hsu y que se ordenara la continuación de la deposición de éste en la sede del tribunal.

El 28 de diciembre de 2023, el TPI dictó una *orden urgente* mediante la cual requirió al Sr. Hsu y a su representante legal (Lcdo. Rafael J. Vázquez González) mostrar causa por la cual no debía conceder la sanción solicitada. La mencionada orden añadió lo siguiente: "[s]e advierte que no es la primera vez que llamamos la atención a dicha parte en este pleito. Sobre la continuación de la toma de deposición en el Tribunal, la suscribiente está refiriendo el

asunto a la Hon. Laura López Roche a los fines de que evalúe la solicitud".[1]

Seven Three formula una *Moción en Solicitud de Orden Protectora y en Atención a Orden,* en la que solicitó el auxilio del tribunal por el comportamiento del Lcdo. Ramírez Lugo y respondió a la solicitud de imposición de sanciones. El Lcdo. Ramírez Lugo presentó un escrito en oposición a la solicitud de orden protectora y solicitó al tribunal que examinara la transcripción de la deposición del Sr. Hsu que formaba parte del expediente judicial, para corroborar las alegaciones.

El 6 de febrero de 2024, el TPI dictó la orden objeto del presente recurso, mediante la cual le impuso al Sr. Hsu una sanción de $1,000, a sufragarse en veinte (20) días. La *Orden [de] Sanciones sobre incidente de deposición* resume el análisis del tribunal recurrido. Ésta lee:

> Escuchada la grabación de la deposición por el Tribunal, se dispone que la conducta del deponente Wilfred Hsu fue una poco cooperadora, se negó a compartir la foto que había mostrado a su abogado y en el receso para que este fuera al baño comenzó una discusión con el Lcdo. Ramírez, la cual no fue controlada de forma apropiada por su representante legal, Lcdo. Vázquez. De esta forma, sin autorización y sin dar por concluida la deposición, el Sr. Hsu abandonó de manera irrespetuosa y violenta la toma de deposición.
>
> Si bien es cierto que el intérprete tuvo varios inconvenientes en la corrección de lo interpretado, este hecho de por sí solo no era suficiente para que el deponente reaccionara de manera abrupta y destemplada y abandonara la deposición. Este acto no fue refrendido por su abogado, el Lcdo. Vázquez.
>
> Desde comienzos de la deposición el deponente requirió que el intérprete no estuviera tan cerca de él. En dos ocasiones el intérprete se retiró y se le concedió lo solicitado. Solicitó que se modificara la temperatura del aire acondicionado, lo cual le fue concedido. A preguntas de la Lcda. Santiago, en un momento de la deposición, se le preguntó si no entendía una pregunta en particular o si no había entendido las anteriores, y éste indicó que solo esa pregunta. Por tanto, aún con

---

[1] Apéndice del recurso, pág. 32.

las objeciones a la gestión del intérprete, el deponente entendía las preguntas que se le estaban haciendo.

En otro momento y a pesar de habérsele requerido compartir lo que le había mostrado al Lcdo. Vázquez en medio de la deposición, el deponente se negó rotundamente a compartir la información y lo hizo de manera irrespetuosa, indicándole a la Lcda. Santiago que ella no tenía derecho a requerirle eso. Esta conducta fue avalada por su abogado, con la aclaración que le indicó a los demás abogados que iba a conferenciar con su cliente y que lo iba a instruir que enseñara la foto. No surge de la grabación que ello hubiera ocurrido. Luego, el deponente se molestó por la forma en que el intérprete pronunció su apellido, y de manera irrespetuosa le indicó que le había corregido 5 veces sobre el particular. Lo anterior, entre otras, demostró la conducta irrespetuosa del deponente ante el procedimiento y los abogados y abogadas que allí estaban. El deponente de forma violenta abandonó la deposición, sin más.

Considerando lo anterior, el Tribunal impone al deponente una sanción de $1,000.00 la cual deberá satisfacer en 20 días.

En relación a las imputaciones al Lcdo. Ramírez, ciertamente surge de la grabación que éste reaccionó molesto ante la conducta violenta del deponente cuando se disponía a abandonar la deposición. En esa parte de la grabación, ambos alzan el tono de voz. Sin embargo, fue el deponente el que indicó: "I'm done" y se escucha como si se tirara una silla y la puerta. Si bien el Lcdo. Ramírez alzó la voz y de manera enérgica se dirigió al deponente, ello fue en reacción a la conducta irrespetuosa y violenta del Sr. Hsu al tirar la silla en el salón de las oficinas del Lcdo. Ramírez.

En relación a las demás imputaciones éticas entre los abogados, el Tribunal les refiere a que cualquier parte que entienda que procede una determinación sobre el particular, así lo hagan presentando el correspondiente procedimiento ante el Tribunal Supremo de Puerto Rico.[2]

En desacuerdo con dicho dictamen, el 21 de febrero de 2024, Seven Three presentó una solicitud reconsideración.

Mediante orden emitida y notificada el 22 de febrero de 2024, el TPI denegó la solicitud de reconsideración y se expresó en los siguientes términos:

A la solicitud de reconsideración. NO HA LUGAR.

El Tribunal se reitera en su determinación, basada en nuestra apreciación de los hechos según surgen de la

---

[2] *Íd.*, págs. 193-194.

grabación de la deposición la cual escuchamos en varias ocasiones y fue objeto de nuestro análisis.

En relación al incidente que alega el Lcdo. Vázquez en su moción de reconsideración, párrafo 6 (a), el tribunal de expresó y se refirió a los abogados/as, si así lo entendían a presentar la queja correspondiente ante el Tribunal Supremo.

En cuanto a los comentarios del Lcdo. Vázquez González sobre que este Tribunal se hace "cómplice" de cierta conducta, se rechaza totalmente dirigirse al Tribunal con estos adjetivos.[3]

Inconforme aún, el 25 de marzo de 2024, Seven Three instó el recurso que nos ocupa y consignó los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al abusar de su discreción y sancionar al representante de la peticionaria.

Erró el Tribunal de Primera Instancia al optar por ni siquiera atender la conducta impropia de un abogado que precisamente fuera quien incitara y diera curso a la conducta por la cual fue sancionado el representante de la peticionaria.

Por su parte, en la *Oposición a Expedición de Certiorari,* los recurridos Luis Echegaray, Olga Casalduc y su compañía aseguradora MAPFRE Praico Insurance Company, aducen que la controversia planteada no cumple con los criterios establecidos para expedir el auto de *certiorari.*

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[4]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[5] Ésta dispone que, el recurso

---

[3] *Íd.,* pág. 203.
[4] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[5] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender.[6]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[7] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

**B.**

La Regla 23 de Procedimiento Civil, 32 LPRA Ap. V., regula lo concerniente al alcance del descubrimiento de prueba, el cual debe ser uno amplio y liberal.[8] No obstante, esa liberalidad no debe interpretarse en forma absoluta, pues los tribunales tienen la obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes.[9] De tal forma, al sopesar ambos intereses, nuestro ordenamiento jurídico procesal ha establecido ciertas salvaguardas con miras a que las partes sean diligentes y reconoce discreción a los jueces para intervenir en diversas etapas del litigio.

---

[6] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[7] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).
[8] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000).
[9] *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 496 (2022).

A manera de ejemplo, los tribunales pueden imponer sanciones económicas cuando una parte se rehúsa injustificadamente a cumplir con su deber de descubrir prueba. Regla 34.3(b)(6) de Procedimiento Civil, 31 LPRA Ap. V, R. 34.3 (b)(6).

**III.**

Los señalamientos de error de Seven Three cuestionan la determinación del foro primario de sancionar a su representante corporativo por la conducta desplegada durante el descubrimiento de prueba y de no imponer medida correctiva alguna al representante legal de Triple S propiedad, Inc., Lcdo. Ramírez Lugo.

Sin embargo, tal dictamen interlocutorio no está contemplado dentro de las instancias revisables al amparo de la citada Regla 52.1 de Procedimiento Civil, *supra*. Tampoco la parte peticionaria ha demostrado la existencia de alguna de las circunstancias excepcionales dispuestas en la precitada regla que justifique intervenir con el trámite pautado por el foro recurrido. Es decir, no probó que la determinación interlocutoria recurrida pudiera afectar sustancialmente el resultado del pleito o conllevar asuntos neurálgicos o de política pública que requieran su revisión inmediata para evitar un fracaso irremediable de la justicia.

El TPI es quien conoce las particularidades del caso y, por lo tanto, se encuentra en mejor posición para determinar cuál debe ser el manejo del caso ante su consideración y tomar las medidas necesarias, dentro de su sana discreción, que permitan el curso adecuado del pleito.

Acorde con lo anterior, nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

A la luz de lo expuesto, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones